### EUCLID AVE. CHRISTIAN CHURCH v. ADAMS et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6774. Decided Nov. 22, 1926.

**First Publication of this Opinion.**

983. QUIETING TITLE—Quit claim deed, from party who has relinquished ownership, not sufficient basis for suit to quiet title.

Appeal from Common Pleas.
Decree for Defendants.

Snyder, Henry, Thompson, Ford & Seagrave, Cleveland, for Church.

Roscoe M. Ewing, Chas. A. Niman and Carl Shuler, Cleveland, for Adams.

VICKERY, J.

The Euclid Avenue Christian Church brought an action, in the Cuyahoga Common Pleas, against Minnie Adams, et al., to quiet title to a strip of land, or alley, 20 feet in width, running between the property of the Church and that of defendants.

It seems that in 1866, one Streator gave a piece of property, on the corner of Euclid and 97th St., to the Euclid Ave. Congregational Church, and that there was an alley, 20 feet in width, running the full width of the property so donated.

At about the same time he sold lot No. 14, upon which the Christian Church is now located, to himself and others, as trustees of the Christian Church. Immediately back of this lot was a narrow strip of 20 feet and immediately south of that was lot No. 13 which belongs to defendants. The trustees of the church took possession of the property and erected a church and subsequently the present structure was built on this lot.

(Continued on Page 720)

# THE OMNIBUS INDEX
### To Ohio Case Law
## An Exclusive Weekly Feature
of the
## OHIO LAW ABSTRACT
### Always Appears in This Column
## A COMPLETE TABLE
Covering
## All Activities of
## The Ohio Supreme Court
Together With ·
## All Cases Reported
## In The Ohio Law Abstract
## Cross Referenced to
## The Official State Publications
## WATCH THIS COLUMN
### And Learn the Final Disposition of
## All Cases In Which You Are
### Interested.

Ashdown, Admx. v. Tresise. (See reverse). OA. 5 Abs. 623.

Bittinger v. Bittinger. OA. 5 Abs. 707.

Board of Elections v. Henry. OA. 5 Abs. 544; dock. 5 Abs. 490; No. 20650; mo. cer. ov. 5 Abs. 717.

Carlin v. Halle Co. (See reverse). OA. 5 Abs. 313; 22 Oh. Ap. 499★.

Clarkson v. Clark. OA. 5 Abs. 413; 24 Oh. Ap. 417★.

Cleveland Akron Bag Co. v. Rodatt. OA. 5 Abs. 716.

Cramer v. Patterson. OA. 4 Abs. 783; 23 Oh. Ap. 387★.

Demma, Extr. v. Harter et. OA. 5 Abs. 712.

Euclid Ave. Christian Church v. Adams et. OA. 5 Abs. 719.

Ford v. Papcke. OA. 5 Abs. 715.

Halle Bros. v. Carlin Co. (See reverse). Dock. 4 Abs. 670; No. 20106; mo. cer. ov. 5 Abs. 717.

Hayes v. Hayes. Dock. 4 Abs. 476; No. 19964; judg. rev. 5 Abs. 717.

Henson v. Henson, Exr. OA. 5 Abs. 714.

House v. Roberts. Dock. 5 Abs. 506; No. 20668; mo. cer. ov. 5 Abs. 717.

Kammer v. Hummer. Dock. 5 Abs. 717; No. 20791.

Kibrige, In Re. Dock. 5 Abs. 344; No. 20550; Habeas Corpus dis. by consent. 5 Abs. 717.

Kosmider v. State. OA. 5 Abs. 713.

Lake Shore Elect. Ry. Co. v. P. U. C. Dock. 5 Abs. 717; No. 20795.

Lang v. Leonard. OA. 5 Abs. 707.

MacGregor v. Merville. Dock. 5 Abs. 490; No. 20648; mo. cer. ov. 5 Abs. 717.

Manley v. Collins et. OA. 5 Abs. 718.

Miller v. State. Dock. 5 Abs. 540; No. 20709; mo. dis. for want of pros., 5 Abs. 717.

Morris v. Banko. OA. 5 Abs. 294; OA. 5 Abs. 710.

Mutual Life Ins. Co. of Balt. v. Meyers. Dock. 5 Abs. 717; No. 20794.

Nast et v. Hurtig et. OA. 5 Abs. 132; dock. 5 Abs. 198; No. 20418; mo. cer. ov. 5 Abs. 301; 24 Oh. Ap. 409★.

Oakwood (Vil.) v. James. Dock. 5 Abs. 717; No. 20792.

Ohio Ind. Endow. Fund Co. v. Lindsey et. OA. 5 Abs. 718.

Ohio Match Co. v. Everhard. Dock. 5 Abs. 717; No. 20796.

Ohio Transit Co. v. P. U. C. Dock. 5 Abs. 717; No. 20793.

Ready v. Ready. OA. 5 Abs. 629; dock. 5 Abs. 490; No. 20649; mo. cer. ov. 5 Abs. 717.

Rice v. Freeman. OA. 5 Abs. 386; dock. 5 Abs. 471; No. 20627; mo. cer. ov. 5 Abs. 717.

Ricketts v. Allen. Dock. 5 Abs. 198; No. 20408; mo. cer. ov. 5 Abs. 301; OA. 5 Abs. 469; dock. 5 Abs. 685; No. 20775; pet. er. dis. 5 Abs. 717.

Schmidt v. Federal Sav. & Loan Co. Dock. 5 Abs. 717; No. 20790.

Shearer v. Lower. OA. 5 Abs. 708.

Shepherd v. Methling et. Dock. 5 Abs. 473; No. 20635; mo. cer. ov. 5 Abs. 717.

Smith v. Smith. OA. 5 Abs. 599; 24 Oh. Ap. 407★.

Santon et v. Stoiser et. OA. 5 Abs. 711.

Straub v. Hilker et. OA. 5 Abs. 147; dock. 5 Abs. 147; No. 20651; mo. cer. ov. 5 Abs. 717; 24 Oh. Ap. 24★.

Thompson v. Ketter et. OA. 5 Abs. 710.

Tresise v. Ashdown, Adm. (See reverse). Dock. 5 Abs. 473; No. 20633; mo. cer. al. 5 Abs. 717.

Waltz v. Bummersteen et. OA. 5 Abs. 712.

Weinberg v. Kennedy. Dock. 5 Abs. 506; No. 20681; mo. cer. ov. 5 Abs. 717.

Weinzimmer, In Re. Dock. 5 Abs. 490; No. 20655; mo. cer. ov. 5 Abs. 717.

Wintermute, In Re. Dock. 5 Abs. 471; No. 20632; mo. cer. ov. 5 Abs. 717.

Yellow Cab Co. v. Hotel Hollenden Co. OA. 5 Abs. 713.

★These cases will appear in the official volumes, as above noted, with slight variations in the paging.

---

(Continued from Page 719).

From 1866 to 1901 this strip of land was never placed on the tax duplicate. In 1901 the trustees of the Congregational Church, needing the alley for the purpose of erecting a larger structure, asked leave to have this alley vacated; and, upon hearing, same was vacated and re-dedicated a few feet further south. This shows how the trustees of the Congregational Church regarded the alley, that it had become part of the public streets of the city, and that Dr. Streator had lost all title and interest to the property.

Dr. Streator was asked to deed this 20 foot strip, back of the Congregational Church, to the trustees of the Christian Church, and he gave to said trustees a quit claim deed to this strip which separated lots 13 and 14, one from the other.

The City of Cleveland was made a party to the action to quiet title and it answered, claiming this strip as a public alley.

The Church can have only such title as it received from Dr. Streator in 1901; and if he did not have title to the property, the Church did not have anything better. The record shows that Dr. Streator intended to have an alley here. It was upon the plat and the plat was recorded.

The rights of Dr. Streator had ceased to exist prior to 1866 and he had no title or interest in this property other than he might have as a trustee of the Church which had a right to see that this alley was kept open for its use and the use of the property on the other side. He had no title in 1901, and, that being so, the Church could acquire no title other than his.

Dr. Streator gave no warranty deed to the strip in question, and, under these circumstances, plaintiff is not entitled to the relief it seeks and a decree may be entered for defendants.

(Levine, PJ. and Sullivan, J., concur.)